UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-162-1-BO
No. 5:10-CV-13-BO

| | |
|---|---|
| COURTNEY L. MATTHEWS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | O R D E R |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; Petitioner's Motion to Amend; and Respondent's Motion to Dismiss. For the reasons below, Petitioner's Motion to Amend is GRANTED. Petitioner's Amended Motion to Vacate is DENIED. Respondent's Motion to Dismiss is GRANTED.

BACKGROUND

On October 6, 2008, pursuant to a plea agreement, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine; distribution and possession with intent to distribute more than 50 grams of cocaine base (crack) and a quantity of marijuana. In the plea agreement, Petitioner waived the right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon the grounds of ineffective assistance of counsel . . . not known to

the Defendant at the time of the Defendant's guilty plea."

On January 8, 2009, Petitioner was sentenced to a term of 120 months. Petitioner did not file a direct appeal. On January 12, 2010, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. Petitioner filed a Motion to Amend his § 2255 on February 5, 2010.

## DISCUSSION

Petitioner raised two claims in his amended § 2255. First, Petitioner seeks a re-sentencing based on a 1:1 crack to powder ratio calculation. Second, Petitioner argues his sentence exceeded the statutory maximum sentence permitted under the charge for which he pled guilty.

Petitioner could have raised these issues on direct appeal but did not. A § 2255 motion cannot do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Because these claims were not raised on direct appeal, they are procedurally defaulted. To overcome a procedural default, Petitioner must demonstrate both "cause" for the default and "actual prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (1999). In Petitioner's motion, he does not allege ineffective assistance of counsel.

Moreover, even if his claims were not barred by procedural default, Petitioner's claims have no merit. Petitioner is not entitled to a sentence based on a 1:1 crack to powder ratio calculation. Petitioner also acknowledges that he was sentenced below the sentencing guideline range and faces a 120 month mandatory minimum. The Court allowed the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1. However, the Government's motion was

2

not pursuant to 18 U.S.C. § 3553(e). Therefore, Petitioner's sentence cannot fall below the statutory mandatory minimum of 120 months.

Petitioner's second contention fails because Petitioner pled guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine; distribution and possession with intent to distribute more than 50 grams of cocaine base (crack) and a quantity of marijuana. Petitioner cites *United States v. Rhynes*, 206 F.3d 349, 378-82 (4th Cir. 1999), for the proposition that he cannot be sentenced above the maximum sentence of the drug that carries the lowest maximum sentence for which he was charged. In this case, that would be "a quantity of marijuana." *Rhynes* is distinguished however, as in that case, the defendant did not plead guilty. Instead, defendant went to trial and a jury found him guilty. The Government did not use a special verdict form, and thus the Court could not know what drug amounts the jury held him responsible for. Here, Petitioner specifically pled guilty and admitted to possession with the intent to distribute more than 500 grams of cocaine and more than 50 grams of crack, as well as a quantity of marijuana, so there is no question as to the jury's finding since Petitioner voluntarily waived his right to a jury trial and admitted his guilt to the conspiracy charge. Therefore, Respondent's Motion to Dismiss is GRANTED.

## CONCLUSION

Accordingly, Defendant's Motion to Amend his Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence is DENIED. Respondent's Motion to Dismiss is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

SO ORDERED.

This 30 day of May, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:08-cr-00162-BO   Document 61   Filed 06/01/10   Page 4 of 4